**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLAUDE TOWNSEND, | : | Civil No. 10-1136 (GEB) |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| NJ TRANSIT, and NEW JERSEY STATE DIVISION OF TRENTON WORKERS' COMPENSATION, | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the plaintiff Claude Townsend's ("Plaintiff") filing of a complaint and accompanying application to proceed in forma pauperis. (Compl.; IFP Application; Doc. No. 1.)  The Court has also reviewed and considered the opinion and order dated October 5, 2010, of the Third Circuit.  And it appearing that:

1. The Clerk of Court will not file the complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915.  See Loc. Civ. R. 5.1(f).

2. The filing fee for commencing a civil action in this Court is $350.00.  See 28 U.S.C. § 1914(a).

3. Plaintiff did not prepay $350.00; rather, he submitted his application to proceed in this matter in forma pauperis ("IFP Application"), pursuant to 28 U.S.C. § 1915.  (IFP Application;

1

Doc. No. 1.)

4. Plaintiff filed an IFP Application on March 18, 2010, in which he declares that he receives $0.00 in wages, that he is no longer receiving disability, that he has to pay child support in the amount of $362.00 per week, and that he has other outstanding debt to various institutions.

5. Based upon these considerations, the Court concludes that Plaintiff's IFP Application should be granted pursuant to 28 U.S.C. § 1915. The Clerk of the Court shall file the complaint accordingly.

6. The Court has also reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court notes that it involves his allegation that he has been aggrieved due to delays that have occurred during his pending matter in Workers' Compensation Court. (Compl.; Doc. No. 1.) The Court concludes, however, that after viewing all factual allegations in the Complaint as true, and after construing Plaintiff's claims more liberally due to his pro se status, relitigation is barred by the doctrine of res judicata or the theory that the Third Circuit refers to as "claim preclusion." See United States v. Athlone Industries, Inc., 746 F.2d 977, 983 n.4 (3d Cir. 1984) (equating claim preclusion with res judicata or "the preclusive effect of a judgment in foreclosing relitigation of the same causes of action" and equating issue preclusion with collateral estoppel or "the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided"). Plaintiff appeared in another action before this Court, Townsend v. Calderone, et al., Civil Action No. 09-3303, in which the Court granted the defendants' motion to dismiss pursuant to Younger v. Harris, 401 U.S. 37 (1971). Because Plaintiff's instant complaint cites the same set of facts and only includes additional defendants, Plaintiff is precluded from relitigating these claims and therefore fails to state a claim upon which relief may be granted. See 28 U.S.C. §

1915(e)(2)(B)(ii).  As a result, the claims asserted must be dismissed as a matter of law.  The Court concludes that Plaintiff should not be the afforded the opportunity to amend his complaint as any such attempt, based on these same facts, would be futile.

      7.  In addition, to the extent that Plaintiff seeks to file a criminal complaint pursuant to criminal statutes, the Court dismisses these claims with prejudice.  None of the statutes listed in this context give rise to a private cause of action.  Thus, the Court lacks jurisdiction.  While a court may refer a purported criminal complaint to the United States Attorney, see United States ex rel. Savage v. Arnold, 403 F. Supp. 172, 174 (E.D. Pa. 1975), the Court find no reason to do so based upon the facts before it.

      Therefore, for the foregoing reasons;

      IT IS THIS 13th day of October, 2010, hereby

      ORDERED that Plaintiff's application to proceed in forma pauperis (Doc. No. 1) is GRANTED; and it is further

      ORDERED that the Clerk of the Court shall file Plaintiff's Complaint without prepayment of fees or security; and it is further

      ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and it is further

      ORDERED that the Clerk of Court shall send a copy of this order to Plaintiff at his address of record via regular U.S. Mail.

      s/ Garrett E. Brown, Jr.
      GARRETT E. BROWN, JR., U.S.D.J.